# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHARLES B. LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-06094-NKL |
| | ) | |
| MISSOURI STATE BOARD OF | ) | |
| ACCOUNTANCY, and | ) | |
| CHRISTOPHER A. KOSTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are the motions to dismiss [Docs. # 6, 10] filed by Defendants Missouri State Board of Accountancy ("the Board") and Christopher Koster in his official capacity as Missouri Attorney General. For the following reasons, the Court grants the motions.

## I.     Background

Plaintiff Charles B. Larson "seeks declaratory and injunctive relief to prevent violations" of his rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. [Doc. # 1 at 1.] Plaintiff Larson states that he "has not maintained a CPA license with the Board since September 2001 when, at the age of 69, he decided not to renew his license." *Id.* at 4. Plaintiff alleges that the Board "has made various demands on Larson to submit to its jurisdiction or in the alternative to stop using the term CPA or certified public

accountant, when he is expressly authorized by statute to do so . . . . as a holder of a certificate issued prior to August 28, 2001." *Id.* Plaintiff cites § 326.292:

> Nothing in this section shall prohibit:
>
> (1) A certified public accountant whose certificate was in full force and effect, issued pursuant to the laws of this state prior to August 28, 2001, and who does not engage in the practice of public accounting, auditing, bookkeeping or any similar occupation, from using the title certified public accountant or abbreviation CPA.

Mo. Rev. Stat. § 326.292.2(1).

Plaintiff's Count I alleges that "R.S.Mo. § 326.307 facially violates the First and Fifth Amendments to the United States Constitution because it punishes the mere act of identifying oneself as a CPA when expressly allowed to do so by § 326.292." [Doc. # 1 at 6.] Section 326.307 provides:

> The display or uttering by a person of a card, sign, advertisement or other printed, engraved or written instrument . . . bearing a person's name in conjunction with the words "certified public accountant" or any abbreviation thereof . . . shall be prima facie evidence in any action brought pursuant to section 326.298 that the person whose name is displayed . . . is holding himself or herself out to be a certified public accountant . . . . In any such action evidence of the commission of a single act prohibited by this chapter shall be sufficient to justify an injunction or a conviction without evidence of a general course of conduct.

Mo. Rev. Stat. § 326.307. Count II alleges that "Defendants have restricted legally permissible opportunities to sell constitutionally protected material, i.e. Plaintiff's book." [Doc. # 1 at 8.] Finally, Count III alleges that "the statute at issue here does not serve a 'substantial governmental interest' . . . . [but] merely serves as a censorship device unrelated to professional licensing of certified public accountants." *Id.* at 9.

**II.     Discussion**

Defendants Christopher Koster and the Missouri State Board of Accountancy move to dismiss Plaintiff's lawsuit pursuant to the *Younger* abstention doctrine. Plaintiff Larson does not controvert the Board's assertion that "*State Board of Accountancy v. Charles B. Larson*, case number 10-0601 AC, is pending before the Missouri Administrative Hearing Commission." [Doc. # 7 at 5.] Aside from citing *Ashcroft v. Iqbal*'s interpretation of the Federal Rules of Civil Procedure and inviting the Court to examine the merits of his First Amendment claims, Plaintiff offers only the following argument against abstention:

> Of the three criteria set forth in the *Middlesex County* decision the most relevant to this proceeding is whether there is an opportunity to seek and fully litigate constitutional review. Plaintiff contends there is not. . . . In Missouri, the Administrative Hearing Commission does not have authority to consider and litigate constitutional issues.

[Doc. # 11 at 1-2 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982))).]

Plaintiff does not address the contrary caselaw of *Ohio Civil Rights Comm'n v. Dayton Christian School*, 477 U.S. 619 (1986), cited throughout the Board's brief in support of its motion to dismiss. [Doc. # 7.] In *Dayton Christian School*, the U.S. Supreme Court held that, "under our cases beginning with *Younger v. Harris*," 401 U.S. 37 (1971), the district court should have dismissed the § 1983 suit "seeking to enjoin a pending state administrative proceeding" on First Amendment grounds. 477 U.S. at 621-22. Chief Justice Rehnquist explained that the *Younger* abstention doctrine "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of

3

such jurisdiction where particular kinds of state proceedings have already been commenced." *Id.* at 626. According to *Dayton Christian School*, the *Younger* abstention doctrine "applie[s] to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claims." *Id.* at 627.

Here, the Court must abstain from exercising its jurisdiction over this case due to the pending state administrative proceeding if important state interests are at stake in the pending proceeding and Plaintiff Larson will have a full and fair opportunity to litigate his constitutional claim. *Id.*; *see also Middlesex*, 457 U.S. at 432. Plaintiff's two-page brief does not contest Defendants' assertion that important state interests are at stake in the pending state administrative proceeding, *State Board of Accountancy v. Charles B. Larson*. [Doc. # 11.] As the Board's brief explained, "Missouri has a state interest in regulating accountancy which has been codified in RSMo § 326.253." [Doc. # 7 at 6.] That statute provides:

> It is the policy of this state and the purpose of this chapter to promote the reliability of information that is used for guidance in financial transactions or for accounting for or assessing the financial status or performance of commercial, noncommercial and governmental enterprises. The protection of the public interest requires that persons professing special competence in accountancy or offering assurance as to the reliability or fairness of presentation of such information shall have demonstrated their qualifications to do so.

Mo. Rev. Stat. § 326.253.

4

In *Dayton Christian School*, the Supreme Court had "no doubt that the elimination of prohibited sex discrimination is a sufficiently important state interest to bring the present case within the ambit of the cited authorities" articulating the *Younger* abstention doctrine. *Dayton Christian School*, 477 U.S. at 628. In *Middlesex*, the Supreme Court recognized that the state has an interest in "maintaining and assuring the professional conduct of the attorneys it licenses . . . . The ultimate objective of such control is the protection of the public . . . ." 457 U.S. at 434 (internal quotation and citation omitted). Here too, there is a sufficiently important state interest in promoting reliable accounting to bring the present case within the ambit of the *Younger* abstention doctrine authorities.

As mentioned above, Plaintiff's only argument relevant to the *Younger* abstention doctrine is that he will not have a full and fair opportunity to litigate his constitutional claims because "the Administrative Hearing Commission does not have authority to consider and litigate constitutional issues." [Doc. # 11 at 1.] However, Defendant Koster notes that Plaintiff "has the opportunity to raise constitutional challenges to decisions of the Board of Accountancy under Section 536.140 RSMo. Under that section, plaintiff may request judicial review of the Board of Accountancy's decisions based on constitutional challenges." [Doc. # 10 at 4.] Section 536.140 – titled "Scope of judicial review" – provides that a court "shall hear the case . . . upon the petition and record filed as aforesaid" and its "inquiry may extend to a determination of whether the action of the agency (1) Is in violation of constitutional provisions . . . ." Mo. Rev. Stat. § 536.140.

The U.S. Supreme Court in *Dayton Christian Schools* expressly addressed this issue:

5

> [E]ven if Ohio law is such that the Commission may not consider the constitutionality of the statute . . . . it is sufficient under *Middlesex* that constitutional claims may be raised in state-court judicial review of the administrative proceeding. Section 4112.06 of Ohio Rev. Code Ann. (1980) provides that any "respondent claiming to be aggrieved by a final order of the commission . . . may obtain judicial review thereof." Dayton cites us to no Ohio authority indicating that this provision does not authorize judicial review of claims that agency action violates the United States Constitution.

477 U.S. at 629. Here too, Plaintiff Larson's argument that he will not have a full and fair opportunity to litigate his constitutional claims because "the Administrative Hearing Commission does not have authority to consider and litigate constitutional issues" must fail. [Doc. # 11 at 1.]

For the reasons stated above, the Court finds that the pending state administrative proceeding involves a sufficiently important state interest and that Plaintiff Larson will have a full and fair opportunity to litigate his constitutional claims. Therefore, the Court must dismiss the present action under the *Younger* abstention doctrine. It is unnecessary to decide whether the *Rooker-Feldman* doctrine applies in this case, as Defendant Koster has argued. [Doc. # 10 at 1.]

## III. Conclusion

Accordingly, it is hereby ORDERED that the motions to dismiss [Docs. ## 6, 10] filed by Defendants Missouri State Board of Accountancy and Christopher Koster are GRANTED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: January 13, 2011
Jefferson City, Missouri